UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SB, on behalf of his infant child, AB[1],

                             Plaintiff,

               -against-

WAYNE COUNTY, VILLAGE OF NEWARK,
NEWARK CENTRAL SCHOOL DISTRICT, TOWN
OF ARCADIA, MATTHEW HOLLAND, individually
and in his official capacity, MATTHEW COOK,
individually and in his official capacity, THOMAS
ROOTE, individually and in his official capacity, ROBYN
ROSS, individually and in her official capacity, and
SCOTT DIAMOND, individually and in his official capacity,

                             Defendants.
-------------------------------------------------------------------------X

**Docket No.:**

**COMPLAINT**

**Plaintiff Demands a
Trial by Jury**

       Plaintiff, SB, on behalf of his infant child, AB, complaining of Defendants, by and through

his attorneys, THE RUSSELL FRIEDMAN LAW GROUP, LLP, respectfully alleges the

following upon information and belief:

## PRELIMINARY STATEMENT

       1.     This is a shocking and egregious case of sexual assault, harassment, abuse, and

exploitation against a minor student AB by a teaching assistant at the school AB attends.

       2.     Defendant MATTHEW HOLLAND ("Holland") was a teaching assistant

employed by Wayne County, Village of Newark, and Newark Central School District, responsible

for educating and guiding the students at Newark Central High School.

---

[1] Plaintiff respectfully requests that this Court allow Plaintiff SB and AB's names to be abbreviated throughout the
Complaint based on the fact that AB is an infant who is seventeen years old as of the date of this Complaint. Should
this Court require Plaintiff SB and AB's full names, Plaintiff respectfully requests that this Court allow Plaintiff to
file the full, unabbreviated Complaint under seal.

PK/D234291/FL2980

3.      From on or about 2017 until on or about May 27, 2020, Defendant Holland sexually assaulted, harassed, abused, and exploited Plaintiff AB both within and outside the school premises.

4.      The emotional and psychological damage to Plaintiff AB from the sexual assault, harassment, abuse, and exploitation cannot be overstated, as it has been profound and lasting. Like many victims of sexual assault, due to a combination of trauma, fear, and shame, Plaintiff AB was initially reluctant to speak out about the horrendous and traumatic experience she suffered at the hands of Defendants. But Plaintiff AB came to realize she could not repress what had happened and, with the help and support of her parents, has decided to come forward.

5.      Plaintiff now brings this civil suit to recover compensatory, punitive, and emotional distress damages for this unconscionable, pernicious, and insidious sexual assault, harassment, abuse, and exploitation.

## JURISDICTION

6.      Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255, which allows victims of child pornography crimes under 18 U.S.C. § 2252 to recover the actual damages such person sustained or liquidated damages in the amount of $150,000.00, and the costs of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

7.      Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims, pursuant to 28 U.S.C. § 1376(a).

PK/D234291/FL2980

## VENUE

8.      Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) since Defendants reside in the County of Wayne, and all the events and omissions giving rise to Plaintiff's claims occurred within the County of Wayne, State of New York.

## PARTIES

9.      At all times hereinafter mentioned, Plaintiff SB is the father of AB, and resides in Wayne County, New York.

10.     Defendant WAYNE COUNTY (hereinafter, "Wayne") was and continues to be a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the State of New York.

11.     Defendant VILLAGE OF NEWARK (hereinafter, "Newark") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York, and is located within the County of Wayne.

12.     Defendant NEWARK CENTRAL SCHOOL DISTRICT (hereinafter, "NCSD") is a subdivision and/or agency of Defendant NEWARK.

13.     Defendant TOWN OF ARCADIA (hereinafter, "Arcadia") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York, and is located within the County of Wayne.

14.     Upon information and belief, at all relevant times described herein, Defendant NEWARK, by its agents and/or employees, operated, maintained, and controlled the NCSD, including all teachers, teaching assistants, and other employees thereof.

15.     Upon information and belief, at all times hereinafter mentioned, Defendant MATTHEW HOLLAND (hereinafter, "Holland") is being sued in his individual and official capacity and was/is an employee of Defendants WAYNE, NEWARK, and the NCSD, and is currently in custody at the Steuben County Jail, within the jurisdiction and control of the Western District of New York.

16.     Upon information and belief, at all times hereinafter mentioned, Defendant MATTHEW COOK (hereinafter, "Cook") is being sued in his individual and official capacity and was/is an employee of Defendants WAYNE, NEWARK, and the NCSD, and resides in the State of New York.

17.     Upon information and belief, at all times hereinafter mentioned, Defendant THOMAS ROOTE (hereinafter, "Roote") is being sued in his individual and official capacity and was/is an employee of Defendants WAYNE, NEWARK, and the NCSD, and resides in the State of New York.

18.     Upon information and belief, at all times hereinafter mentioned, Defendant ROBYN ROSS (hereinafter, "Ross") is being sued in her individual and official capacity and was/is an employee of Defendants WAYNE, NEWARK, and the NCSD, and resides in the State of New York.

19.     Upon information and belief, at all times hereinafter mentioned, Defendant SCOTT DIAMOND (hereinafter, "Diamond") is being sued in his individual and official capacity and was/is an employee of Defendants WAYNE, NEWARK, and the NCSD, and resides in the State of New York.

## FACTUAL BACKGROUND

20.     Upon information and belief, at all times relevant hereto, AB was a student at Newark High School, located in the Village of Newark, County of Wayne, State of New York.

21.     Upon information and belief, at all times relevant hereto, Defendant Holland was a Teaching Assistant at Newark High School, employed by Defendants Wayne, Newark, and NCSD.

22.     From approximately 2017 until his arrest on or about May 27, 2020, Defendant Holland continuously subjected AB to sexual assault, sexual harassment, sexual abuse, aggravated sexual abuse, and sexual exploitation.

23.     In 2017, Defendant Holland, disguising himself as a 14-year-old boy on snapchat, approached AB and requested her to send him photographs that were pornographic in nature.

24.     When AB refused to comply with his request, Defendant Holland threatened her by stating that he knew where she lived, implying harm to her and her family.

25.     When AB finally caved in to the blackmail and unwillingly sent him a photo, Defendant Holland further blackmailed AB using that very picture, threatening now to disseminate the photo over the internet if AB didn't send him more photos.

26.     Defendant Holland continued to blackmail AB thereafter, even using multiple pseudonyms on snapchat to do so.

27.     AB did not find out that the different individuals on snapchat who were harassing and blackmailing her were, in fact, Defendant Holland until approximately June 23, 2020, when law enforcement officers came to talk to her family about Defendant Holland after his arrest.

28.     Upon information and belief, Defendants Wayne, Newark, and NCSD had actual notices of Defendant Holland's criminal and abnormal behaviors throughout his employment at

NCSD but continuously ignored the warnings and failed to conduct any proper investigation into the situation.

29.     For example, in or about 2018, AB was at school talking with her friend at the broadcasting club about Defendant Holland, describing him as creepy and noting that something was off with his behavior.

30.     The conversation was recorded and brought to the attention of Defendant Diamond, the broadcast TV/social media coordinator for NCSD.

31.     However, upon receiving this complaint, Defendant Diamond told Defendant Holland about it and directly confronted AB about the recording with Defendant Holland present in the room with them, asking if she really felt that way.

32.     AB, scared by the presence of Defendant Holland in the room, told Defendant Diamond that it wasn't how she felt about Defendant Holland.

33.     Defendant Diamond then proceeded to delete the recorded conversation regarding AB's complaint about Defendant Holland and failed to conduct any proper investigation into the matter.

34.     A few days after the recording was deleted by Defendant Diamond, AB had a separate conversation with Defendant Diamond, again telling him that she did not feel comfortable around Defendant Holland, but Defendant Diamond did not follow up or conduct any proper investigation into the matter.

35.     In addition, on or about October 2019, Defendant Holland called AB to a private room in Newark High School to confront her, because he believed that AB had a negative impact on his job interview and he didn't get the job that he had applied for because of her.

36.     Upon AB's arrival, Defendant Holland closed the door and proceeded to threaten and harass AB.

37.     While Defendant Holland was harassing AB, two other Teaching Assistants at Newark High School entered the room and, upon finding Defendant Holland alone with AB, reported the incident to the school's authorities.

38.     However, even after receiving the report from the Teaching Assistants, NCSD only sent Defendant Holland a reprimand letter for his "unprofessional behavior," rather than conducting any investigation into Defendant Holland's inappropriate behavior with AB.

39.     Other than receiving a simple warning letter, Defendant Holland was never penalized or otherwise held accountable for his inappropriate conduct towards AB.

40.     Upon information and belief, Defendant Holland resigned from his position as the Teaching Assistant at Newark High School sometime after the incident on or about October 2019.

41.     NCSD never notified AB's parents of this incident involving Defendant Holland and AB until on or about June 19, 2020, only after Defendant Holland's arrest.

42.     Furthermore, upon information and belief, in or around spring of 2018, yet another concerned staff member of Newark High School, who witnessed Defendant Holland's inappropriate and alarming behaviors, went to the Assistant Principal, Defendant Robyn Ross, and reported the incident.

43.     However, upon information and belief, Assistant Principal Defendant Ross told the concerned staff that "girls just like to be around Holland because he is a good-looking guy," or a similar statement to the same effect.

44.     Upon information and belief, Assistant Principal Defendant Ross, after receiving the complaint, went to the President of the Teacher's Union and told the President to have the Union's people back off from Holland.

45.     Despite receiving complaints from its own staff members regarding Defendant Holland's abnormal behaviors, Wayne, Newark, and NCSD failed to ever conduct investigations on Defendant Holland.

46.     Furthermore, upon information and belief, Defendant Holland owned a photo studio in the Village of Newark called "Illumination Images".

47.     Upon information and belief, Defendant Holland, over the last several years, solicited many female students at Newark High School to his studio to take senior photos.

48.     Upon information and belief, Defendant Holland solicited the female students with the intention of taking pictures that were pornographic in nature without the students' consent, as it was later discovered that Defendant Holland had installed hidden cameras inside the changing room and the bathroom in his studio and was taking pictures and/or videos of the students that were pornographic in nature.

49.     Upon information and belief, Defendants Wayne, Newark, and NCSD were aware that Defendant Holland was inappropriately soliciting the female students of Newark High School to use his studio, but failed to stop him from doing so, let alone conduct any investigation into his questionable behavior.

50.     Upon information and belief, Defendant Holland was arrested in Virginia on or about May 27, 2020, for allegedly posing as a minor on snapchat and soliciting photos of pornographic nature from minors in Virginia, mirroring his crimes against AB since 2017.

51.     Upon information and belief, Defendant Holland has been charged with criminal complaint with production, receipt, and possession of child pornography, along with online enticement of a minor in the Western District of New York.

52.     Since Defendant Holland's arrest, many minors who were victims of his crime have been identified, along with a number of individuals who claim to have notified NCSD of Defendant Holland's behavior throughout his employment with the NCSD.

53.     Despite her hesitations, AB was able to gather up her courage and came forward to initiate the instant action.

54.     Due to the traumatic experience, Plaintiff suffers from nighttime terrors and wakes up screaming in middle of the night.

55.     Due to the traumatic experience, Plaintiff continues to receive counseling services.

56.     Upon information and belief, in sexually assaulting, harassing, abusing, and exploiting AB, Defendant Holland acted maliciously, wantonly, recklessly, and in grossly negligent disregard of Plaintiff's rights.

57.     Plaintiff has complied with all the conditions precedent to the bringing of this action against WAYNE COUNTY and has complied with the provisions of the statutes in such cases made and provided.

58.     Plaintiff has complied with all the conditions precedent to the bringing of this action against TOWN OF NEWARK and has complied with the provisions of the statutes in such cases made and provided.

59.     Plaintiff has complied with all the conditions precedent to the bringing of this action against NEWARK CENTRAL SCHOOL DISTRICT and has complied with the provisions of the statutes in such cases made and provided.

60.     Plaintiff has complied with all the conditions precedent to the bringing of this action against TOWN OF ARCADIA and has complied with the provisions of the statutes in such cases made and provided.

61.     As a result of the aforementioned, Plaintiff was subjected to bodily harm, extreme emotional distress and mental anguish, public humiliation, ridicule and scorn, severe injury to her reputation, loss of dignity, loss of her liberty, placed in grave fear of her safety and life, and lost time from her everyday pursuits.

**COUNT I**
**VIOLATION OF 18 U.S.C. § 2255 ("MASHA'S LAW")**
**(Against Defendant Holland)**

62.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

63.     18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

64.     Defendant Holland violated the federal child pornography laws found at 18 U.S.C. § 2252.

65.     AB suffered personal injury as a result of Defendants' violation of 18 U.S.C. § 2252.

66.     Under 18 U.S.C. § 2255, victims of child pornography crimes under 18 U.S.C. § 2252 may recover the actual damages the victim sustained or liquidated damages in the amount of

$150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the costs of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, along with punitive damages and other preliminary and equitable relief that the Court deems to be appropriate.

<u>**COUNT II**</u>
**VIOLATION OF TITLE IX (20 U.S.C. § 1681(a), *et seq*.)**
**(Against Defendants WAYNE, NEWARK, NCSD, and ARCADIA)**

67.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

68.     Upon information and belief, Defendants Wayne, Newark, NCSD, and Arcadia ("District Defendants") receive federal financial assistance for their education program and are, therefore, subject to the provisions of Title IV of the Education Act of 1972, 20 U.S.C. § 1681(a), *et seq*.

69.     Under Title IX, District Defendants were required to investigate allegations of sexual assault, sexual abuse, sexual harassment, and sexual exploitations of its students.

70.     According to the U.S. Department of Education's Office of Civil Rights, Title IX covers all programs of a school, and Title IX extends to sexual harassment and assault by employees, students, and third parties.

71.     Defendant Holland's conduct and actions toward AB constitutes sex discrimination under Title IX.

72.     Defendant Holland's sexual harassment, assault, molestation, abuse, and exploitation of his minor students, including AB, was an "open secret" among District Defendants during the relevant time frame. The warning signs, including Defendant Holland's isolation of AB

within a classroom, repeated complaints from students and staff, and solicitation of students to his photo studio are precisely the kind of 'red flag' behaviors that trigger a duty to investigate under Title IX.

73.     There is no indication that District Defendants ever conducted any investigation or took any action to comply with this statutory duty while AB was being harassed, assaulted, molested, abused, and exploited by Defendant Holland.

74.     Rather, District Defendants acted with deliberate indifference – their lack of response to the numerous warning signs were clearly unreasonable in light of the known circumstances.

75.     District Defendants' failure to promptly and appropriately investigate, remedy, and/or respond to the sexual harassment, assault, molestation, abuse, and exploitation of their minor students, despite having received actual and constructive notice of same, subjected AB to further harassment and a sexually hostile environment, effectively denying her access to effective educational services.

76.     As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## COUNT III
## VIOLATIONS OF 42 U.S.C. § 1983
### (Against Defendants WAYNE, NEWARK, NCSD, and ARCADIA)

77.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

78.     At all times material hereto, the District Defendants' agents were acting under the color of state law and participated in, authorized, ratified, approved, and/or sanctioned the violations of clearly established federal constitutional rights of which any reasonable official would have known. The District Defendants failed to train, supervise, discipline, or adequately screen its employees; these failures showed a deliberate indifference to Plaintiff's constitutional rights. The constitutional deprivations described herein are attributable to the individual Defendants.

79.     District Defendants failed to investigate and/or prevent the abuse of AB by Defendant Holland, and failed to intercede during the period of the crime, even though they had a reasonable opportunity and legal duty to do so. Their actions were egregious and reckless and were driven by a reckless and callous indifference to Plaintiff's rights.

80.     District Defendants deprived AB of her civil rights while acting under color of state law in violation of the 5th and 14th Amendment to the United States Constitution by denying her substantive due process and equal protection under 42 U.S.C. § 1983, *et seq*.

81.     As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily

activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**COUNT IV**
**NEGLIGENT HIRING/RETENTION (PENDANT)**
**(Against Defendants WAYNE, NEWARK, NCSD, and ARCADIA)**

82.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

83.     District Defendants each had a duty to protect Plaintiff when she was entrusted to their care by Plaintiff's parents. Consequently, District Defendants owed AB, in addition to a duty of ordinary care, the higher duty of care for adults supervising children within their care and control. At minimum, the District Defendants owed AB a duty to protect her from harm inflicted by Defendant Holland when AB received educational services from the District Defendants.

84.     District Defendants, by and through their agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known of Defendant Holland's dangerous and exploitative propensities and/or that Defendant Holland was an unfit agent because of his sexual interest in minors. It was reasonably foreseeable that if the District Defendants did not adequately exercise or provide the duty of care owed to children in their control and care, including but not limited to AB, they would be vulnerable to sexual abuse by District Defendants' agents, servants, and/or employees, including Defendant Holland.

85.     Each District Defendant breached its duty of care owed to AB by failing to protect her from foreseeable harm of sexual misconduct of its respective employees or personnel, including Defendant Holland.

86.     As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

## COUNT V
### NEGLIGENT SUPERVISION (PENDANT)
### (Against Defendants WAYNE, NEWARK, NCSD, and ARCADIA)

87.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

88.     District Defendants had a duty to provide reasonable supervision of their employees and agents, including Defendant Holland, with regards to his interactions with the minor students at Newark High School.

89.     Further, District Defendants had a duty to follow up and investigate any reports of misconduct alleged against their employees and agents, including Defendant Holland.

90.     It was reasonably foreseeable that those employees and agents of District Defendants with a sexual interest in children, including Defendant Holland, would act upon these

interests and sexually harass, assault, molest, abuse, and exploit the minor students, including AB, unless properly supervised.

91.     District Defendants, by and through each entity's respective agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known, of Defendant Holland's dangerous and exploitative propensities and/or that Defendant Holland was an unfit agent, due to his sexual interest in children.

92.     Despite such knowledge, District Defendants each breached their duty to provide reasonable supervision of Defendant Holland. These failures enabled Defendant Holland, who was routinely in a position of ready access to children, to sexually harass, assault, molest, abuse, and exploit AB.

93.     At all times relevant hereto, including, but not limited to, during the sexual harassment, assault, molestation, abuse, and exploitation of the minor students, Defendant Holland was acting in the course and scope of his employment with District Defendants as their agent, apparent agent, servant, and/or employee.

94.     As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

<u>COUNT VI</u>
**NEGLIGENCE/GROSS NEGLIGENCE**
**CHILDHOOD SEXUAL ABUSE AND VICARIOUS LIABILITY (PENDANT)**
**(Against All Defendants)**

95.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

96.     At all relevant times alleged herein, and during his employment, Defendant Holland was an employee of District Defendants. He was given access to AB during the course and scope of his duties, when his employer knew or should have known that Defendant Holland presented an unreasonable risk of harm to minor students at Newark High School.

97.     Defendant Holland's isolation of AB, solicitation of minor students to his studio, along with numerous warnings and complaints from the students and staff against Defendant Holland, constituted "red flags" that went unheeded by the District Defendants. But for the negligence of the District Defendants, Defendant Holland's actions went unchecked as he continued to sexually harass, assault, molest, abuse, and exploit AB from 2018 until 2020.

98.     All Defendants had a non-delegable duty to protect their minor students, like AB, from unwanted sexual contact, harassment, assault, molestation, abuse, exploitation, and the associated trauma resulting therefrom.

99.     Here, Defendants failed to take any reasonable steps to ensure the safety of their students, including AB.

100.     District Defendants, by and through their agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known of Defendant Holland's dangerous and exploitative propensities and/or that Defendant Holland was an unfit agent because of his sexual interest in children.

101.    It was reasonably foreseeable that if District Defendants did not adequately exercise or provide the duty of care owed to children in their control and care, including but not limited to AB, the children who were entrusted to their care would be vulnerable to sexual harassment, assault, molestation, abuse, and exploitation by the District Defendants' agents, servants, and/or employees, including Defendant Holland.

102.    District Defendants each breached the duty of care owed to the minor AB by failing to protect her from foreseeable harm of sexual misconduct of their employees and personnel, including Defendant Holland.

103.    As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (PENDANT)
### (Against All Defendants)

104.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

105.    By employing Defendant Holland, by choosing to place Defendant Holland in a position wherein he could work unsupervised and within close proximity to minor students, and by allowing Defendant Holland access to numerous children, Defendants caused Plaintiff to be sexually harassed, assaulted, molested, abused, and exploited.

106.    District Defendants acted with extreme and outrageous conduct, which intentionally and/or recklessly caused severe emotional distress and bodily harm to AB.

107.    Defendant Holland, in his sexual harassment, assault, molestation, abuse, and exploitation of AB, acted with extreme and outrageous conduct that would shock the conscious of a reasonable person, when he repeatedly sexually harassed, assaulted, molested, abused, and exploited AB, who was one of his minor students.

108.    Defendant Holland's conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

109.    AB suffered severe emotional distress, including severe mental anguish, due to Defendants' intentional and/or reckless, extreme, and/or outrageous conduct.

110.    As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

PK/D234291/FL2980

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (PENDANT)
### (In the Alternative to Count VII, Against All Defendants)

111.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

112.     By employing Defendant Holland, by choosing to place Defendant Holland in a position wherein he could work unsupervised and within close proximity to minor students, and by allowing Defendant Holland access to numerous children, Defendants caused Plaintiff to be sexually harassed, assaulted, molested, abused, and exploited.

113.     District Defendants' repeated failure to take action and continuing to employ Defendant Holland, and holding out their premises as a safe environment for the minor students despite having reasons to know of the potential dangers to the minor students therein, subjected AB to sexual harassment, assault, molestation, abuse, and exploitation at the hands of Defendant Holland.

114.     Defendant Holland, in his sexual harassment, assault, molestation, abuse, and exploitation of AB, acted with extreme and outrageous conduct that would shock the conscious of a reasonable person, when he repeatedly sexually harassed, assaulted, molested, abused, and exploited AB, who was one of his minor students.

115.     Defendant Holland's conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

116.     AB suffered severe emotional distress, including severe mental anguish, due to Defendants' intentional and/or reckless, extreme, and/or outrageous conduct.

PK/D234291/FL2980

117.     As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

### COUNT IX
### INTENTIONAL MISREPRESENTATION (PENDANT)
### (Against Defendants WAYNE, NEWARK, NCSD, and ARCADIA)

118.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

119.     Upon information and belief, District Defendants each affirmatively represented to AB, her family, and the public at large that they had sufficient policies and procedures in place to ensure that the minor students were safe in their facilities and District.

120.     Upon information and belief, District Defendants affirmatively represented to AB, her parents, and the public at large that Defendant Holland did not have a history of sexually harassing, assaulting, molesting, abusing, and exploiting children, that District Defendants did not know or suspect Holland had a history of sexually harassing, assaulting, molesting, abusing, and exploiting children and/or that District Defendants did not know that Holland was a danger to the minor students.

121.     Each representation stated above were material and false.

122.   In addition to the representation made directly to AB, her parents, and the public at large, District Defendants, through their officials, made these representations with knowledge and intent that they would be communicated to AB through her parents' words and actions.

123.   District Defendants also had reason to believe that the representations would influence the amount and type of time spent in close proximity with Defendant Holland in his classroom, Holland's access to minor students, and Holland's ability to sexually harass, assault, molest, abuse, and exploit AB.

124.   Based on information and belief, Defendant Holland had a history of sexually harassing, assaulting, molesting, abusing, and exploiting children, and was openly and notoriously sexually harassing, assaulting, molesting, abusing, and exploiting AB and other minor students during the relevant timeframe. District Defendants should have known that Holland had a history of sexually harassing, assaulting, molesting, abusing, and exploiting children and/or that he posed an obvious and ongoing danger to the minor students, including AB.

125.   AB and her family justifiably relied upon District Defendants' misrepresentations, which caused AB to suffer sexual harassment, assault, molestation, abuse, and exploitation by Defendant Holland, as well as to suffer other damages described herein.

126.   As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an

amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### COUNT X
### ASSAULT
**(Against Defendant Matthew Holland)**

128.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

129.     Defendant Holland's sexual harassment, assault, molestation, abuse, and exploitation of AB was entirely unjustified and constitutes an intentional assault upon AB.

130.     Defendant Holland, by his conduct, placed AB in fear of imminent harm and offensive conduct.

131.     As a result of the above-described conduct, AB has suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress discomfort, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. She was prevented, and will continue to be prevented, from performing her daily activities and obtaining the full enjoyment of life. She has sustained, and will continue to sustain, loss of earnings and earning capacity. She has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SB, on behalf of his infant child, AB, respectfully requests that the Court enter judgment in Plaintiff's favor against Defendants, and issue an order containing the following relief:

A.      Under the First Claim for Relief, in the amount of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS per pornographic photograph obtained and/or maintained in violation of federal law plus punitive damages and attorney's fees;

B.      Under the Second Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

C.      Under the Third Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

D.      Under the Fourth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

E.      Under the Fifth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

F.      Under the Sixth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages;

G.      Under the Seventh Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

H.      Under the Eighth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

I.      Under the Ninth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

J.      Under the Tenth Claim for Relief, in the amount of TEN MILLION

($10,000,000.00) DOLLARS;

K.      For compensatory damages against all Defendants in an amount to be determined

at trial but in no event less than TEN MILLION DOLLARS ($10,000,000.00); and

L.      Such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
        February 8, 2021

                                THE RUSSELL FRIEDMAN LAW GROUP, LLP
                                *Attorneys for Plaintiff*

                        By:     */s/Christopher M. Arzberger*
                                Christopher M. Arzberger
                                400 Garden City Plaza, Suite 500
                                Garden City, New York 11530
                                Tel: 516.355.9696