UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SB, on behalf of his infant child, AB,

                           Plaintiffs,

                v.

NEWARK CENTRAL SCHOOL
DISTRICT, NEWARK CENTRAL
SCHOOL DISTRICT BOARD OF
EDUCATION, MATTHEW HOLLAND,
individually and in his official capacity,
MATTHEW COOK, individually and in his
official capacity, THOMAS ROOTE,
individually and in his official capacity,
ROBYN ROSS, individually and in her
official capacity, and SCOTT DIAMOND,
individually and in his official capacity,

                       Defendants.

_____

**DECISION AND ORDER**

6:21-CV-06138 EAW

## <u>INTRODUCTION</u>

Plaintiff SB ("Plaintiff SB"), on behalf of his minor child, plaintiff AB ("Plaintiff

AB") (collectively "Plaintiffs"),[1] commenced this action asserting claims against

---

[1]     In the amended complaint, Plaintiffs request that Plaintiff SB and Plaintiff AB be permitted to proceed anonymously. (Dkt. 18 at 1 n.1). While Plaintiff AB is automatically entitled to proceed through only the use of her initials pursuant to Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, Plaintiff SB must file a motion to do so—dropping a footnote in the amended complaint is not the proper means by which to seek this relief. <u>By no later than March 22, 2022</u>, Plaintiff SB must file a procedurally-compliant motion to proceed anonymously in order to be granted this relief. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008); *Roe v. City of N.Y.,* No. 20-CV-9635 (LLS), 2020 WL 6875424, at *2 (S.D.N.Y. Nov. 20, 2020) ("If Plaintiffs wish to proceed anonymously with this action, they must file under seal, along with their amended complaint, a motion to proceed anonymously that states the reasons why the Court should

- 1 -

defendants Newark Central School District ("NCSD"), Newark Central School District Board of Education ("BOE"), Matthew Holland ("Defendant Holland"), Matthew Cook ("Defendant Cook"), Thomas Roote ("Defendant Roote"), Robyn Ross ("Defendant Ross"), and Scott Diamond ("Defendant Diamond"). (Dkt. 18). Presently before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by NCSD, BOE, Defendant Cook, Defendant Roote, Defendant Ross, and Defendant Diamond (collectively "Moving Defendants"). (Dkt. 32). For the reasons that follow, Moving Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiffs' amended complaint. (Dkt. 18).

Plaintiff SB is the father of Plaintiff AB, a minor female who attends Newark High School in the NCSD, where Defendant Holland was employed as a teaching assistant. (*Id.* at ¶¶ 1, 2, 9, 17). Defendant Cook was the Superintendent of NCSD who was responsible for administering all policies and enforcing the rules and regulations of the BOE. (*Id.* at ¶¶ 23, 25). Defendant Roote was the principal of Newark High School. (*Id.* at ¶ 30).

In 2017, Defendant Holland pretended to be a 14-year-old boy on the social media messaging platform, "Snapchat," and encouraged Plaintiff AB, who was a minor, to send him photographs that were "pornographic in nature." (*Id.* at ¶ 57). When Plaintiff AB refused, Defendant Holland threatened her by stating that he knew where she lived. (*Id.* at

---

permit them to do so."); *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *1 (E.D.N.Y. Oct. 14, 2020) ("Permitting a party to proceed under a pseudonym is the 'exception. . . . A party seeking to proceed anonymously must sufficiently refute 'the presumption of disclosure.'" (citations omitted)).

¶ 58).  Ultimately, Plaintiff AB relented and sent Defendant Holland "a photo."  (*Id.*).

Defendant Holland then further blackmailed Plaintiff AB and threatened to disseminate the

photo on the internet if she did not send him more photos.  (*Id.* at ¶ 59).  Defendant Holland

continued to contact Plaintiff AB on Snapchat, using multiple pseudonyms. (*Id.* at ¶ 60).

Plaintiff AB did not become aware that the various individuals contacting her and harassing

her on Snapchat were actually Defendant Holland until law enforcement contacted her

family in June of 2020.  (*Id.* at ¶ 61).

On July 15, 2020, a criminal complaint was filed against Defendant Holland.  (*Id.*

at ¶ 62).  On March 12, 2021, Defendant Holland pleaded guilty to possession of child

pornography, including images he obtained from minors over social media.  (*Id.* at ¶ 65).

Defendant Holland also pleaded guilty to surreptitiously recording minors in bathrooms of

homes and in his photography studio.  (*Id.* at ¶¶ 66-69).

Plaintiffs allege that Defendants Cook, Roote, Ross, NCSD, and the BOE "had

actual notice of Defendant Holland's criminal and abnormal behaviors throughout his

employment at [NCSD] but continuously ignored the warnings and failed to conduct any

proper investigation into the situation."  (*Id.* at ¶ 72).  Plaintiffs allege several examples of

abnormal or inappropriate conduct by Defendant Holland that they allege provided Moving

Defendants with notice of his propensities.

Plaintiffs allege that in October of 2014, Defendant Holland received a counseling

memo from the Secondary Principal at Newark High School regarding inappropriate

conversations and conduct Defendant Holland had with students.  (*Id.* at ¶ 73).  Despite

having  knowledge  of  Defendant  Holland's  inappropriate  behavior  with  students,

Defendants Cook, Roote, Ross, NCSD, and BOE failed to appropriately supervise Defendant Holland. (*Id.* ¶ 74).

Plaintiffs also allege that at some point in 2018, Plaintiff AB and a friend were talking during a recorded conversation at the broadcasting club about Defendant Holland, describing him as creepy and noting that something was off with his behavior. (*Id.* at ¶ 75). Defendant Diamond, the broadcast TV/social media coordinator for NCSD, told Defendant Holland about the conversation between Plaintiff AB and her friend. (*Id.* at ¶ 78). Defendant Diamond then confronted Plaintiff AB about the recording while Defendant Holland was in the room. (*Id.*). In Defendant Holland's presence, Plaintiff AB denied that was how she felt about him and Defendant Diamond deleted the recorded conversation. (*Id.* at ¶¶ 79, 80). Although Plaintiff AB subsequently further discussed with Defendant Diamond the recording and her complaints about Defendant Holland, Defendant Diamond did not report Plaintiff AB's complaints to any authorities. (*Id.* at ¶ 81).

In the spring of 2018, a concerned staff member who witnessed Defendant Holland's inappropriate behaviors reported it to Defendant Ross, the Assistant Principal. (*Id.* at ¶ 89). Defendant Ross downplayed the complaint and suggested that the female students liked to be around Defendant Holland because he is attractive. (*Id.* at ¶¶ 89, 90). Plaintiffs allege upon information and belief that Defendant Ross then went to the President of the Teachers' Union and told the President to back off Defendant Holland. (*Id.* at ¶ 91). Defendant Ross failed to report the complaint about Defendant Holland to anyone or to adequately supervise him. (*Id.* at ¶¶ 92, 93).

In October 2019, Defendant Holland called Plaintiff AB to a private room at Newark High School to confront her about his belief that she had negatively impacted a job interview he had, which resulted in him not getting the job he sought. (*Id.* at ¶ 82). When two teaching assistants entered the room and found Defendant Holland alone in the private room with Plaintiff AB, they reported the incident. (*Id.* at ¶ 84). Defendant Holland only received a reprimand letter for "unprofessional behavior" for this incident. (*Id.* at ¶ 85). Defendant Holland resigned sometime in October 2019. (*Id.* at ¶ 87).

Despite having complaints from its own staff members regarding Defendant Holland's unusual behaviors, NCSD and BOE failed to conduct adequate investigations. (*Id.* at ¶ 100). Plaintiff AB suffers from nighttime terrors as a result of her traumatic experiences and continues to receive counseling services. (*Id.* at ¶ 106).

Plaintiffs assert claims against Defendant Holland pursuant to 18 U.S.C. § 2255, known as Masha's Law (Count I), and a state law claim for assault (Count X). Plaintiffs assert claims against NCSD and BOE for violations of Title IX, 20 U.S.C. § 1681(a) (Count II), 42 U.S.C. § 1983 (Count III), and state law claims for negligent hiring/retention (Count IV), negligent supervision (Count V), and intentional misrepresentation (Count IX). Plaintiffs bring a claim against all Defendants for negligence/gross negligence (Count VI), intentional infliction of emotional distress (Count VII), and negligent infliction of emotional distress (Count VIII). Plaintiffs seek compensatory and punitive damages, attorneys' fees, costs, and interest as damages. (*Id.* at 33-34).

## PROCEDURAL HISTORY

On February 8, 2021, Plaintiffs filed the instant action.  (Dkt. 1).  On March 26, 2021, Moving Defendants filed a motion to dismiss for failure to state a claim.  (Dkt. 16). Plaintiffs amended their complaint as of right on April 16, 2021.  (Dkt. 18).  On April 27, 2021, the Court exercised its discretion to deny the motion to dismiss as moot and directed Moving Defendants to answer or otherwise respond to the amended complaint within 14 days of service thereof.  (Dkt. 23).  On May 5, 2021, Plaintiffs sought Clerk's Entry of Default against Moving Defendants.  (Dkt. 26; Dkt. 27; Dkt. 28; Dkt. 29; Dkt. 30).  No Entries of Default were entered by the Clerk because Plaintiffs failed to file any proof of service for the amended complaint with their requests.

On May 6, 2021, Moving Defendants answered the complaint.  (Dkt. 31).[2]  On the same day, Moving Defendants filed the instant motion to dismiss.  (Dkt. 32).[3]  On May 28,

---

[2]     In their motion, Moving Defendants also seek permission to file their answer late, as well as vacatur of any default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  (Dkt. 32-1 at 1).  Because Plaintiffs never provided proof of service in support of their requests for entry of default and do not oppose this request for relief (Dkt. 35-2 at 7 n.1), the Court need not address whether excusable neglect has been demonstrated and allows the late filing of Moving Defendants' answer.

[3]     Because Moving Defendants filed an answer to Plaintiff's amended complaint, they arguably should have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  However, given that the standards for assessing a motion pursuant to Rules 12(b)(6) and 12(c) are the same, *see Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) ("In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015))), the Court can treat the motion to dismiss as a motion for judgment on the pleadings, *see, e.g.*, *Pare v. Valet Park of Am.*, No. 119CV0206 (LEK/DJS), 2021 WL 5564681, at *1 (N.D.N.Y. Nov. 29, 2021) ("The motion has been

2021, Plaintiffs filed their opposition to the motion (Dkt. 35) and on June 4, 2021, Moving Defendants filed their reply (Dkt. 36).

## **DISCUSSION**

## I.   **Legal Standards**

As noted above, Moving Defendants seek dismissal of this action under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

### A.   **Rule 12(b)(1)**

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quotation and alteration omitted). "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter

---

styled as a motion to dismiss, however, since Defendant has already filed his answer, the Court will construe it as a motion for judgment on the pleadings pursuant to Rule 12(c)."); *Coppelson v. Serhant*, No. 19-CV-8481 (LJL), 2021 WL 148088, at *3 (S.D.N.Y. Jan. 15, 2021) (holding that there is some authority to permit a motion to dismiss filed after an answer if the answer preserves the defense, "[i]n any event, even if Rule 12(b)(6) were technically not available, the Court would consider the motion pursuant to Federal Rule of Civil Procedure 12(c), which employs the same standards as Rule 12(b)(6)[.]"); *Gindi v. Silvershein*, Nos. 93 Civ. 8679 (LLS), 93 Civ. 8680 (LLS), 1995 WL 347397, at *1 n.1 (S.D.N.Y. June 8, 1995) (collecting cases).

jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.").

Where, as here, a party challenges the existence of federal question jurisdiction, the test is not whether a plaintiff can recover on the cause of action asserted but "[i]nstead, the test is whether 'the cause of action alleged is so *patently without merit* as to justify . . . the court's dismissal for want of jurisdiction.'" *Town of W. Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir. 1990) (quoting *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 70-71 (1978)); *Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952 (KMK), 2016 WL 5720810, at *5 (S.D.N.Y. Sept. 30, 2016) ("Where a complaint raises claims arising under federal law, the inadequacy of the federal claim is ground for dismissal for lack of subject-matter jurisdiction *only* when the claim is *so* insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." (quotation, alteration, and citation omitted)), *aff'd*, 709 F. App'x 92 (2d Cir. 2018). "The Supreme Court and the Second Circuit have also emphasized the importance of distinguishing this standard from the one employed under Rule 12(b)(6)." *Paushok v. Ganbold*, No. 20 CIV. 4769 (JPC), 2021 WL 1063206, at *5 (S.D.N.Y. Mar. 18, 2021) (citing *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for

jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (quotation omitted))).

**B.   Rule 12(b)(6)**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the [pleading]'s '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

*v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II.   **Moving Defendants' Motion to Dismiss**

Moving Defendants first argue that federal jurisdiction has not been properly invoked because Plaintiffs' first claim arising under 18 U.S.C. § 2255 fails to allege a predicate act.[4]  Moving Defendants further contend that the allegations set forth in the remaining claims in Plaintiffs' amended complaint are insufficiently pled and do not support the claims alleged, subjecting the amended complaint to dismissal in its entirety. The Court disagrees.

### A.   **Masha's Law**

Moving Defendants first argue that Plaintiffs' invocation of federal jurisdiction pursuant to Masha's Law is flawed because Plaintiffs fail to allege a key element of this statute.  This statute, enacted in connection with The Child Abuse Victims' Rights Act of 1986, "provide[s] a civil remedy for personal injuries suffered by victims of child sexual exploitation."  *Doe v. AR*, No. 21-CV-06353-FPG, 2021 WL 5416235, at *6 (W.D.N.Y. Nov. 19, 2021); *St. Louis v. Perlitz*, 176 F. Supp. 3d 97, 99 (D. Conn. 2016) ("The legislative history of Masha's Law shows that it was intended to provide a cause of action for victims of Internet distribution of child pornography.  Congress has recognized that

---

[4]      Although the amended complaint only specifically identifies 18 U.S.C. § 2255 as the basis for federal jurisdiction, (Dkt. 18 at ¶ 6), Claim II and Claim III also arise pursuant to federal law, and accordingly would independently provide a basis for invoking this Court's jurisdiction.  Moving Defendants' motion does not appear to challenge Claims II and III pursuant to Rule 12(b)(1), but only pursuant to Rule 12(b)(6).

distribution of child pornography on the Internet inflicts an injury on the minor victims depicted in the pornographic material.").  It provides in relevant part:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.  The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a).

Moving Defendants argue that this Court lacks subject matter jurisdiction because Masha's Law requires distribution of child pornography over the internet and/or interstate dissemination and "[t]here is no allegation that Matt Holland shipped or intended to ship the photos or that he made such materials available on the internet or that any interaction occurred outside of the State of New York involving a Federal interest."  (Dkt. 32-1 at 8). This argument is meritless.

As noted, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  Here, Plaintiffs have alleged a federal claim pursuant to Masha's Law, a statute intended to provide broad relief for victims of child pornography.  *N.S. v. Rockett*, No. 3:16-CV-2171-AC, 2018 WL 6920125, at *6 (D. Or. Oct. 19, 2018) ("[T]he legislative

purpose and development of Masha's Law and its precursors support that Congress intended for civil recovery under § 2255 to be expansive and inclusive, to protect victims of child sexual exploitation."), *report and recommendation adopted*, No. 3:16-CV-2171-AC, 2018 WL 6920112 (D. Or. Nov. 28, 2018)*; see also United States v. Clarke*, 979 F.3d 82, 93 (2d Cir. 2020) ("The use of the Internet to move video files from [Defendant's] computer to the government agents' computer constituted transportation using a means or facility of interstate commerce within the meaning of § 2252(a)(1)."). In their amended complaint, Plaintiffs allege that Defendant Holland coerced Plaintiff AB to provide sexually explicit photographs over Snapchat and pleaded guilty to crimes related to that conduct, which is sufficient for purposes of invoking federal jurisdiction. The Court accordingly denies Moving Defendants' motion brought pursuant to Rule 12(b)(1) and finds that Plaintiffs have pled an adequate basis for federal jurisdiction.

### B.      Liability of Individual Defendants

Moving Defendants broadly argue that the amended complaint does not satisfy the requirements of Rule 8 and give each individual defendant fair notice of the basis of the claims asserted against him or her. They contend that Plaintiffs have lumped all defendants together without providing a factual basis for each of their conduct. *See Komatsu v. City of New York*, No. 22-CV-0424 (LTS), 2022 WL 294393, at *3 (S.D.N.Y. Feb. 1, 2022) ("Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.").

A review of the amended complaint demonstrates that Plaintiffs have identified specific conduct by each named defendant and makes clear the basis of Plaintiffs' theory

of liability against each of them.  Plaintiffs also specifically allege that upon information and belief, each one of the individual defendants had actual notice of Defendant Holland's criminal and inappropriate behaviors throughout his employment.  While Moving Defendants may dispute the substantive merits of the allegations, the amended complaint sufficiently explains how the alleged violations harmed Plaintiffs and satisfies the requirements of Rule 8.  *McCardle-Bracelin v. Congress Hotel*, No. 120CV861 (TJM/TWD), 2022 WL 486805, at *7 (N.D.N.Y. Feb. 17, 2022) (holding that "asserting claims against a group of defendants is appropriate if those defendants allegedly acted in concert to violate a Plaintiff's rights" and noting that a "complaint that pleads enough facts to make claims of such wrongdoing plausible need not then describe each defendant's particular role in detail in order to avoid dismissal on 'group pleading grounds.'").  Accordingly, Moving Defendants' motion to dismiss the claims asserted against the individual defendants on this basis is denied.

### C.    Title IX

Plaintiffs allege a claim for violation of Title IX against Defendants NCSD and BOE.[5]  Title IX provides, in relevant part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected

---

[5]    Although Moving Defendants correctly argue that a claim for Title IX cannot be successfully asserted against individual faculty members or other employees, *see, e.g., Sutton v. Stony Brook Univ.*, No. 18-CV-7434(JS)(ARL), 2021 WL 3667013, at *5 (E.D.N.Y. Aug. 18, 2021) (confirming that "individuals cannot be held liable under Title IX" and "[t]herefore, the Court does not consider Title IX claims against the individual Defendants"), the Title IX claim has not been asserted against any of the individual defendants (Dkt. 18 at Count II).

to discrimination under any education program or activity receiving Federal financial assistance."    20 U.S.C. § 1681(a).    Sexual harassment is considered prohibited discrimination pursuant to Title IX. *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 649-50 (1999).  "If a school receives federal funding, as virtually every public school does, a student who is subjected to sexual harassment by a teacher has a private right of action against the school and may recover monetary damages under Title IX." *RF v. S. Country Cent. Sch. Dist.*, No. 13CV2710 (SJF)(AKT), 2016 WL 5349782, at *8 (E.D.N.Y. Sept. 23, 2016); *Doe v. Patrick*, 437 F. Supp. 3d 160, 180-81 (N.D.N.Y. 2020) (noting that liability against a school may be pursued under Title IX where one of its teachers engages in the harassment of a student); *Roe v. Chappaqua Cent. Sch. Dist.*, No. 16 CV 7099 (VB), 2017 WL 4119655, at *8 (S.D.N.Y. Sept. 15, 2017) ("A school district may be liable for damages under Title IX if it is deliberately indifferent to knowledge of a teacher's prior sexual harassment or abuse of students.").

A school is subject to liability under Title IX if it is deliberately indifferent to sexual harassment of a student, of which the school possessed actual knowledge, and the harassment is so severe and objectively offensive that it deprives the student of the educational opportunities offered by the school.  *Patrick*, 437 F. Supp. 3d at 180-81.  To constitute deliberate indifference, the school's conduct must be clearly unreasonable. *Castro v. Yale Univ.*, 518 F. Supp. 3d 593, 609 (D. Conn. 2021) ("Plaintiffs suing under Title IX must also demonstrate that the educational program or activity was deliberately indifferent to the alleged discrimination, meaning that a school official with authority to address the alleged discrimination and to institute corrective measures had actual

knowledge of the discrimination and failed to adequately respond." (quotation and citation omitted)); *Posso v. Niagara Univ.*, 518 F. Supp. 3d 688, 697 (W.D.N.Y. 2021) ("A defendant acts with deliberate indifference for Title IX purposes 'when the defendant's response to known discrimination is *clearly* unreasonable in light of the known circumstances.'" (quoting *Roskin-Frazee v. Columbia Univ.*, 17 Civ. 2032 (GBD), 2018 WL 6523721, at *4 (S.D.N.Y. Nov. 26, 2018)). Actual knowledge of the discrimination "does not set the bar so high that a school district is not put on notice until it receives a clearly credible report of sexual abuse from the plaintiff-student." *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 397 (E.D.N.Y. 2005) (quotation and citation omitted); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291 (1998)) (noting that "it would 'frustrate the purposes' of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of *respondeat superior* or constructive notice, i.e., without actual notice to a school district official"). Instead, "[m]ost federal courts appear to agree that the 'actual knowledge' need only be of facts indicating that the teacher has *the potential* to abuse a student." *Tesoriero*, 382 F. Supp. 2d at 397 (citing *Doe A. v. Green*, 298 F. Supp. 2d 1025, 1034 n.2 (D. Nev. 2004)).

"Relying on *Gebser*, courts have found that discrepancies between the conduct that allegedly put the administration on notice and the conduct ultimately at issue in the litigation must be sufficiently similar to find liability." *S. Country Cent. Sch. Dist.*, No. 2016 WL 5349782, at *9 (quotation and citation omitted). The question of "[w]hether complaints unsubstantiated by corroborating evidence and denied by the allegedly

offending teacher did or should have put a school district on notice of a teacher's substantial risk to students is usually a question for the jury." *Doe by & through Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594 (CJS), 2018 WL 2100605, at *22 (W.D.N.Y. May 7, 2018) (quotation and citation omitted).

Moving Defendants argue that Plaintiffs failed to allege a factual basis to establish actual knowledge by any school official sufficient to sustain a Title IX claim. They contend that the only allegations establishing actual notice arose when Defendant Holland was arrested and well after he had already solicited sexually explicit photographs from Plaintiff AB. In other words, Moving Defendants frame the question narrowly and urge the Court to conclude that there was no way for Moving Defendants to know that Defendant Holland would harass Plaintiff AB and request that she send him sexually explicit photographs.

Taking the allegations of the amended complaint as true, the Court disagrees. Plaintiffs have alleged that Defendant Holland engaged in a pattern of inappropriate behavior around students beginning as early as 2014. They contend that Moving Defendants were aware of Defendant Holland's propensity to demonstrate poor judgment and engage in inappropriate conduct and did not take adequate measures to supervise him or ensure the safety of students. Plaintiffs have plausibly alleged facts which, if taken as true, would establish that NCSD and BOE were deliberately indifferent to the sexual harassment of students, possessed actual knowledge that Defendant Holland engaged in inappropriate behavior with students, and that his harassment of Plaintiff AB was pervasive and objectively offensive. Consequently, the Court denies Moving Defendants' motion to dismiss this claim. *See Roe,* 2017 WL 4119655, at *8 (denying motion to dismiss Title IX

claim against school district where plaintiff alleged there was actual notice of abuse of students and that the district failed to develop and follow an appropriate policy to train students and staff about identifying and reporting inappropriate behavior by teachers).

### D.     42 U.S.C. § 1983

Plaintiffs assert Claim III pursuant to 42 U.S.C. § 1983, which provides a cause of action against individuals who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution.  "Personal involvement in the deprivation of a federal constitutional right is the *sine qua non* of liability under § 1983." *Rupp v. City of Buffalo*, No. 17-CV-1209S, 2021 WL 1169182, at *5 (W.D.N.Y. Mar. 29, 2021); *see also Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (a § 1983 plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution" (quotation and citation omitted)). Municipalities cannot be held vicariously liable under § 1983 for the constitutional torts of their employees, nor can they be subject to liability under § 1983 pursuant to a theory of *respondeat superior.  See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Canton v. Harris*, 489 U.S. 378, 385 (1989).  Instead, where a plaintiff seeks to impose liability on a municipality, he must allege that the constitutional violation was caused by "action pursuant to official municipal policy."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). School districts and boards of education constitute municipal entities subject to claims of liability pursuant to § 1983.  *E. Irondequoit Cent. Sch. Dist.,* 2018 WL 2100605, at *16.

"To establish municipal liability under § 1983, a plaintiff must do more than simply state that a municipal policy or custom exists.  Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."  *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citation omitted).   "A school district's liability under *Monell* may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'"  *Hurdle v. Bd. of Educ. of City of New York*, 113 F. App'x 423, 424-25 (2d Cir. 2004) (citation omitted); *see also Dole v. Huntington Union Free Sch. Dist.*, 699 F. App'x 85, 87 (2d Cir. 2017) ("A school district is a municipal entity, and as such, cannot be held liable pursuant to § 1983 solely because of the discriminatory actions of one of its employees" but only "if its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" (quotation and citation omitted)).  "In limited circumstances, a [municipal entity's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."  *S. Country Cent. Sch. Dist.,* 2016 WL 5349782, at *11 (quoting *Connick*, 563 U.S. at 61).

Here, Plaintiffs contend that NCSD and BOE violated Plaintiff AB's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment "to an educational environment free of sexual harassment."  *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 7:06-CV-15509, 2011 WL 1079944, at *8 (S.D.N.Y. March 24, 2011).  They allege that the

school district engaged in an official policy or tolerance of a custom that resulted in the deprivation of Plaintiff AB's rights by having actual notice of Defendant Holland's propensity for inappropriate and unlawful conduct with female students and tolerating the repeated red flags alerting them of that conduct.  The Court concludes that Plaintiffs have adequately alleged a plausible § 1983 claim sufficient to withstand Moving Defendants' Rule 12(b)(6) motion.  *See Roe*, 2017 WL 4119655, at *8 (denying motion to dismiss § 1983 claim against school district where plaintiff alleged that teacher's "inappropriate conduct with students should have prompted a thorough investigation into [the teacher's] misconduct" and that school district defendants were on notice of prior abuse allegations and due to "numerous other warnings of inappropriate conduct by [the teacher] that should have prompted an investigation").  Accordingly, the motion to dismiss the § 1983 claim is denied.

### E.   Negligence, Negligent Hiring/Retention, and Negligent Supervision

In Counts IV, V, and VI, Plaintiffs assert claims for negligent hiring/retention, negligent supervision, and negligence.

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'"  *Crout v. Haverfield Int'l, Inc*., 269 F. Supp. 3d 90, 96 (W.D.N.Y. 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006)).  In addition, "to state a claim for negligent supervision, hiring, training or retention of employees, a plaintiff must allege, in addition to the usual elements of negligence, that the defendant employer 'knew of [an] employee's propensity to commit

the alleged acts or that defendant should have known of such propensity had it conducted

an adequate hiring procedure.'" *AA by BB v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp.

3d 501, 508 (W.D.N.Y. 2021) (quoting *N.U. v. East Islip Union Free Sch. Dist.*, 2017 WL

10456860 at *16 (E.D.N.Y. 2017)).  Also, the employee's actions must have been outside

the scope of employment.  *Id.*

Liability for negligence against Moving Defendants may not arise solely under a

theory of vicarious liability for the actions of Defendant Holland, which is inapplicable, as

here, where an employee clearly acted outside of the scope of his employment and his

actions were entirely motivated by personal reasons.  *See Rich v. Fox News Network, LLC*,

939 F.3d 112, 129-130 (2d Cir. 2019) ("[t]he employee also must not be acting within the

scope of his or her employment . . . [otherwise] the employer [would] only be liable . . .

vicariously under the theory of *respondeat superior*, [and] not for negligent supervision or

retention"); *R.A. v. State*, 73 Misc. 3d 1235(A), 2021 WL 6276207, at *5-6 (Ct. Cl. 2021)

("Turning to the negligence claims asserted in the proposed claim, although the State may

not be held vicariously liable for a sexual assault perpetrated by its employee, it may be

held liable under the theories of negligent supervision and retention, as alleged here in the

proposed claim.").

Here, the gravamen of the negligence claims against Moving Defendants arises from

Plaintiffs' contention that Moving Defendants owed a duty of care to Plaintiff, as a minor

student at Newark High School, to ensure that students were adequately supervised.  *See*

*PC-41 Doe v. Poly Prep Country Day Sch.*, No. 20CV03628 (DG)(SJB), 2021 WL

4310891, at *12 (E.D.N.Y. Sept. 22, 2021) ("Starting with the duty element, it is well

settled that [i]n New York, schools are under a special duty of *in loco parentis*, which obligates them to exercise such care of [their charges] as a parent of ordinary prudence would observe in comparable circumstances." (citations and quotations omitted)). Plaintiffs allege that Moving Defendants breached that duty by not protecting Plaintiff AB from Defendant Holland's harassment, and that Moving Defendants knew or should have known of the propensity of Defendant Holland to engage in inappropriate behaviors and abuse. Plaintiffs specifically allege that Moving Defendants had actual notice of Defendant Holland's propensities and the alleged harassment by Defendant Holland was clearly conducted outside the scope of his employment. Finally, Plaintiff AB alleges severe emotional and physical harm arising from the abuse. Taking the allegations in Plaintiffs' amended complaint as true, as it must, the Court concludes that the claims for negligence, negligent hiring/retention, and negligent supervision have been adequately pled.

### F.    Intentional Infliction of Emotional Distress

Count VII of Plaintiffs' amended complaint alleges a claim against all defendants for intentional infliction of emotional distress.

"To state a claim for intentional infliction of emotional distress, [plaintiff] must establish: '(1) that the actor intended to inflict emotional distress or that he knew of should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.'" *Pagan v. Colon*, No. 3:22-CV-00001 (KAD), 2022 WL 475176, at *8 (D. Conn. Feb. 16, 2022). The standard for pleading a claim for intentional infliction of emotional

distress is "very strict" and liability will only stand for "conduct 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Peterson v. New York City Dep't of Educ.*, No. 18-CV-1515 (ILG), 2020 WL 2559835, at *10 (E.D.N.Y. May 20, 2020) (citation and quotation omitted).

Here, not only have Plaintiffs failed to allege conduct so extreme and outrageous to go beyond all bounds of decency by Moving Defendants, but also absent from the amended complaint are allegations that Moving Defendants acted with the intention to inflict emotional distress on Plaintiff AB. While Defendant Holland's alleged conduct is atrocious and transcends all bounds of decency, the same cannot be said for any alleged conduct of the Moving Defendants. *See Gray v. Schenectady City Sch. Dist.*, 86 A.D.3d 771, 773 (3d Dep't 2011) ("Despite this sufficient claim against Raucci, defendant's mere inaction after receiving complaints about Raucci's behavior—which allegedly allowed him to continue to engage in this behavior in spite of the notice regarding his actions—cannot be considered the type of extreme and outrageous conduct that is 'utterly intolerable in a civilized community'" (quotation and citation omitted)). Even taking the allegations against Moving Defendants as true, Plaintiffs have not plausibly alleged that Moving Defendants intentionally inflicted emotional distress upon Plaintiffs. For these reasons, the Court will grant Moving Defendants' motion to dismiss Plaintiffs' claim for intentional infliction of emotional distress.

### G.    Negligent Infliction of Emotional Distress

Plaintiffs' cause of action for negligent infliction of emotional distress requires them "to show a breach of duty owed to [him or] her which unreasonably endangered [his or] her physical safety, or caused [him or] her to fear for [his or] her own safety." *A.M.P. v. Benjamin*, 201 A.D.3d 50, 2021 WL 5496954, at *3 (3d Dep't 2021) (citation and quotation omitted).  But "[u]nder New York law, claims are duplicative when both 'arise from the same facts and seek the identical damages for each alleged breach.'"  *C.Q. v. Est. of Rockefeller*, No. 20-CV-2205 (VSB), 2021 WL 4942802, at *4 (S.D.N.Y. Oct. 21, 2021) (quoting *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015)).   In similar cases, courts have concluded that claims for negligent infliction of emotional distress are duplicative of other negligence-based claims and dismissed the negligent infliction of emotional distress claims.  *See Watkins v. Harlem Ctr. for Nursing & Rehab., LLC*, No. 20 CIV. 2919 (KPF), 2021 WL 4443968, at *14 (S.D.N.Y. Sept. 28, 2021) ("Here, Plaintiffs' claim for negligent infliction of emotional distress must be dismissed because it is duplicative of their claim for negligence.  Fatally, both claims rest on the same facts and seek the same damages."); *PC-41 Doe*, 2021 WL 4310891, at *15 ("And in similar [Child Victim Act] actions, both NIED and premises liability claims have been dismissed as duplicative of other tort claims." (collecting cases)); *Fay v. Troy City Sch. Dist.*, 197 A.D.3d 1423, 151 N.Y.S.3d 642, 643 (3d Dep't 2021) ("The conduct complained of in the causes of action for premises liability and negligent infliction of emotional distress falls entirely within the scope of plaintiff's separate causes of action for negligence, negligent supervision and negligent retention.  Thus, the premises liability and

- 23 -

negligent infliction of emotional distress claims must be dismissed as duplicative of the negligence, negligent supervision and negligent retention claims." (quotation and citation omitted)); *AA by BB,* 527 F. Supp. 3d at 510 ("A claim for negligent infliction of emotional distress cannot be asserted if it is 'essentially duplicative of tort . . . causes of action." (quotation and citation omitted)).  So too, here, is Plaintiffs' claim for negligent infliction of emotional distress subject to dismissal.  Moving Defendants' motion to dismiss this claim is therefore granted.

## H.    Intentional Misrepresentation (Count IX)

In Count IX, Plaintiffs contends that Defendants NCSD and BOE are liable for intentional misrepresentations.   Specifically, they allege that NCSD and BOE "affirmatively represented to AB, her family, and the public at large that they had sufficient policies and procedures in place to ensure that the minor students were safe in their facilities and District."  (Dkt. 18 at ¶ 165).  They further allege that NCSD and BOE affirmatively represented that "Defendant Holland did not have a history of sexually harassing, assaulting, molesting, abusing, and exploiting children, that District Defendants did not know or suspect Holland had a history of sexually harassing, assaulting, molesting, abusing, and exploiting children and/or that District Defendants did not know that Holland was a danger to the minor students."  (*Id.* at ¶ 166).

Plaintiffs do not advance any argument in response to Moving Defendants' motion to dismiss their claim for intentional misrepresentation.  Having not contested the relief sought, the Court presumes Plaintiffs do not oppose dismissal of this claim.  *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court

may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *Chen v. Wolf*, No. 19-CV-9951 (AJN), 2020 WL 6825681, at *6 (S.D.N.Y. Nov. 20, 2020) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (quoting *Lipton v. Cnty. of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004))).   Accordingly, Moving Defendants' motion to dismiss Plaintiffs' claim for intentional misrepresentation is granted.

Finally, the Court has considered whether Plaintiffs should be afforded an additional opportunity to amend the claims they assert which the Court has concluded are subject to dismissal.   Plaintiffs make a request to amend in a cursory and boilerplate fashion at the conclusion of their memorandum in opposition to the pending motion (Dkt. 35-2 at 31), but the request is not a proper motion and it fails to comply with the Court's Local Rules. *See Wi3, Inc. v. Actiontec Elecs., Inc.*, 71 F. Supp. 3d 358, 363 (W.D.N.Y. 2014). Moreover, "an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend." *Diaz v. Henley*, No. 9:19-CV-1611 (GLS/DJS), 2020 WL 1849454, at *2 (N.D.N.Y. Apr. 13, 2020).   Here, Plaintiffs already amended their complaint once as a matter of right.   Under these circumstances, the Court does not find it appropriate to grant Plaintiffs an additional opportunity to amend, and the Court dismisses Plaintiffs' claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and intentional misrepresentation with prejudice.

For these reasons, Moving Defendants' motion to dismiss Plaintiffs' amended complaint is denied except as to Plaintiffs' claims for intentional infliction of emotional

distress, negligent infliction of emotional distress, and intentional misrepresentation, which are dismissed with prejudice as to the Moving Defendants.

### **CONCLUSION**

For the foregoing reasons, Moving Defendants' motion to dismiss is granted in part and denied in part. (Dkt. 32). Plaintiffs' claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and intentional misrepresentation as asserted against Moving Defendants are dismissed with prejudice. Plaintiffs' remaining claims against Moving Defendants may proceed.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 23, 2022
        Rochester, New York